UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BIO-MEDICAL APPLICATIONS OF ILLINOIS, INC.,<br><br>      Plaintiff/Counterclaim Defendant,<br><br>  v.<br><br>CITY OF WEST FRANKFORT and CITY OF WEST FRANKFORT EMPLOYEE BENEFIT PLAN,<br><br>      Defendants,<br><br>and<br><br>KEY BENEFIT ADMINISTRATORS, INC.,<br><br>      Defendant/Counterclaimant/Third-Party Plaintiff,<br><br>  v.<br><br>HEALTHLINK, INC. and GOLDEN TRIANGLE SPECIALTY NETWORK, LLC,<br><br>      Third-Party Defendants. | Case No. 21-cv-487-JPG |

**MEMORANDUM AND ORDER**

      This matter comes before the Court on the motion to vacate entry of default and for an extension of time to answer filed by defendants City of West Frankfort and City of West Frankfort Employee Benefit Plan (collectively, "the WF Defendants") (Doc. 47) and the motion for default judgment against the WF Defendants by plaintiff Bio-Medical Applications of Illinois, Inc. ("Bio-Med"), which also is a response to the WF Defendants' motion (Doc. 49). The WF Defendants have responded to Bio-Med's motion for default judgment (Docs. 54 & 55), and Bio-Med has replied to that response (Doc. 58).

      Bio-Med originally filed this lawsuit in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois. Bio-Med, a provider of dialysis treatment, claims the defendants

breached a contract by failing to pay them at the agreed rate for treatment they provided to patients who are covered by the WF Defendants' health insurance plan. That plan is administered by defendant Key Benefit Administrators, Inc. ("Key"). In May 2021, Key removed the case based on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). The WF Defendants were subsequently served with process on June 9, 2021. They did not file a timely response to the Complaint, so the Clerk of Court entered default against them on August 3, 2021 (Doc. 41). Bio-Med now asks the Court to enter default judgment against the WF Defendants for more than $4 million (Doc. 49). In the meantime, the WF defendants asked the Court to vacate the entry of default and allow them to file a response to the Complaint (Doc. 47). Bio-Med objects (Doc. 49).

**I.      Motion to Vacate Entry of Default**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993). Bio-Med contends the WF Defendants have not established good cause for a failure to timely respond and have not set forth a meritorious defense.

The WF Defendants concede they were served on June 9, 2021, but explain that there was a delay when they tendered the defense to their insurer, who did not respond promptly. Then the WF Defendants sought counsel from the independent lawyer that they would typically hire, but that counsel had a conflict of interest. Multiple other counsel also declined to represent the WF Defendants. These diligent but unsuccessful efforts to retain counsel caused additional delay in a response. The WF Defendants finally retained counsel, who entered an appearance on August 6, 2021. However, counsel's investigation of the facts of the case from his client was hindered by a COVID-19 diagnosis from the West Frankfort employee most knowledgeable about the dispute. Eleven days after

entry of counsel's appearance, the WF Defendants moved to vacate the August 3, 2021, entry of default.

In response, Bio-Med contends the WF Defendants have not shown good cause or a meritorious defense. Specifically, it notes that in the two months they were searching for representation, the WF Defendants did not seek an extension of time from the Court or reach out to Bio-Med informally to explain the delay and their interest in defending the action. It also correctly observes that the WF Defendants have not even proffered a defense to Bio-Med's claim in their motion to vacate entry of default.

In reply, the WF Defendants do not dispute that they did not mention any defenses in their motion to vacate entry of default, but contend that they have plenty. They point to the defenses asserted by defendant Key Benefit Administrators, Inc. ("Key") in its answer, affirmative defenses, and counterclaim, and argue that those defenses apply equally to them *if* Key was acting as their agent. If Key was not their agent and could not bind them to a contract, they argue Bio-Med has failed to state a claim against them for which relief can be granted.

    A.    <u>Good Cause</u>

It is clear that the WF Defendants tried diligently to file a timely answer, but they had a hard time locating an attorney because of difficulties with their insurer and a conflict of interest with their regular counsel. The WF Defendants cannot be faulted for not striking out on their own to defend a case without the advice of counsel as long as they were diligently searching for one. This is not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Accordingly, the Court finds the WF Defendants have shown good cause for their default.

    B.    <u>Quick Action</u>

Whether action qualifies as "quick" turns on the particular situation. *See Jones v. Phipps*, 39

F.3d 158, 165 (7th Cir. 1994).  Here, although the WF Defendants were served with process on June 9, 2021, and understood there was a deadline to respond, they were unable to retain counsel until August 6, 2021, and counsel promptly entered an appearance that day.  The WF Defendants did not file their motion to vacate entry of default for another eleven days, but that appears reasonable in light of the fact that their most knowledgeable employee was unavailable, or at least hard to interact with, because she had been struck by COVIID-19 in early August.  In light of these facts, the WF Defendants' August 17, 2021, motion to vacate entry of default reflected quick action.

  C.  Meritorious Defense

A meritorious defense is not necessarily a winning defense, but is instead "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis."  *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).  It must be more than a general denial or a bare legal conclusion that a defense exists.  *See Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994).

It is true that the WF Defendant's motion does not offer any specific meritorious defense.  However, they have set forth at length at least a colorable legal argument and factual basis in their subsequent briefing.  Considering the Court's general preference for deciding cases on the merits rather than by default, *see, e.g., Wallace v. City of Washington*, No. 14-CV-1457, 2015 WL 758447, at *3 n.5 (C.D. Ill. Feb. 23, 2015); *Cox v. Collecto, Inc.*, No. 05-C-0516, 2006 WL 8430695, at *2 (E.D. Wis. Mar. 1, 2006), the Court will consider the WF Defendants to have sufficiently shown a meritorious defense.[1]

---

[1] In its explanation of this defense, the WF Defendants argue that Bio-Med's complaint fails to state a claim under Illinois pleading rules.  However, those rules do not apply in Federal Court, which has its own pleading rules.  *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).  Should the WF Defendants raise in a motion the failure to state a claim as a defense, they are advised to argue the proper pleading standard.

For these reasons, the Court will vacate entry of default against the WF Defendants (Doc. 41) and will allow them a reasonable time to respond to Bio-Med's complaint.

## II.     Motion for Default Judgment

Entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) is not appropriate until the Clerk of Court has entered default pursuant to Rule 55(a). The Court having vacated entry of default against the WF Defendants under Rule 55(a), the conditions for entry of default judgment under Rule 55(b) are not satisfied, and the Court will deny that motion (Doc. 49).

## III.    Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the WF Defendants' motion to vacate entry of default and for an extension of time to answer (Doc. 47);

- **VACATES** entry of default against the WF Defendants (Doc. 41);

- **ORDERS** that the WF Defendants shall have 14 days from entry of this order to respond to Bio-Med's complaint; and

- **DENIES** Bio-Med's motion for entry of default judgment (Doc. 49).

**IT IS SO ORDERED.**
**DATED:  September 30, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
